UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



FILED
CLERK, U.S. DISTRICT COURT
12/12/2025
CENTRAL DISTRICT OF CALIFORNIA
BY _____asi_____ DEPUTY
DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

BRIAN ALEXANDER SMITH, Case No. 5:25-cv-03362-VBF-MBK
Plaintiff,

v.

VENTURA COUNTY SUPERIOR COURT;
COUNTY OF VENTURA;
COURTNEY M. LEWIS, in her official capacity as Commissioner;
DOES 1–25, inclusive,
Defendants.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES
(Violations of the Americans with Disabilities Act, 42 U.S.C. § 12132;
42 U.S.C. § 1983 – Due Process and Equal Protection)

Plaintiff Brian Alexander Smith alleges:

---

# I. JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States, including the Fourteenth Amendment, Title II of the Americans with Disabilities Act (42 U.S.C. § 12132), and 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.
2. Declaratory and injunctive relief are authorized under 28 U.S.C. §§ 2201 and 2202.
3. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Ventura County, California.

---

# II. PARTIES

4. Plaintiff BRIAN ALEXANDER SMITH is a self-represented litigant and a qualified individual with a disability, including a traumatic brain injury, who resides in Cathedral City, California.
5. Defendant VENTURA COUNTY SUPERIOR COURT is a public entity within the meaning of Title II of the ADA and is responsible for the administration, policies, and practices governing court access, accommodations, and proceedings in Ventura County.
6. Defendant COUNTY OF VENTURA is a public entity responsible for funding, administration, and oversight of courthouse facilities and security.

7. Defendant COURTNEY M. LEWIS is sued in her official capacity as a Commissioner of the Ventura County Superior Court. She is a court employee and policymaking official for purposes of administrative and procedural enforcement. Plaintiff does not seek damages against Defendant Lewis for judicial rulings but challenges official-capacity conduct, policies, and practices.

8. Defendants DOES 1–25 are employees, agents, or officials of the Court and/or County whose identities are presently unknown, including ADA coordinators, clerks, and security personnel. Plaintiff will amend this Complaint when their identities are discovered.

## III. FACTUAL ALLEGATIONS

9. Plaintiff was the plaintiff in Ventura County Small Claims Case No. 2024SC031858, Smith v. Johnson Family Dental, involving a corporate defendant.

10. Plaintiff repeatedly informed the Court that he is disabled and requested reasonable accommodations, including additional time, clear notice, and assistance understanding and responding to procedural irregularities.

11. The defendant in the small claims matter was a California professional corporation, Steven G. Johnson Dental Corporation, which is required by law to accept service and appear through its registered Agent for Service of Process.

12. Throughout the proceedings, filings, notices, and appearances attributed to the corporate defendant were directed to and served at a dental office location rather than upon the registered agent for service of process, depriving Plaintiff of notice symmetry and the ability to meaningfully challenge authority and compliance.

## IV. MATERIAL MISREPRESENTATION AND ASYMMETRIC ENFORCEMENT OF CORPORATE SERVICE REQUIREMENTS

13. Defendant Steven G. Johnson Dental Corporation is a California professional corporation required by law to maintain and accept service through a designated Agent for Service of Process, identified in public records as CT Corporation System.

14. During the underlying Ventura County Small Claims proceedings, filings, notices, and appearances attributed to the corporate defendant were directed to and served at a dental office location, rather than upon the corporation's registered agent for service of process.

15. Plaintiff timely objected that this practice deprived him of notice symmetry, impaired his ability to meaningfully challenge authority and representation, and allowed the corporate

defendant to invoke the benefits of corporate participation while disregarding statutory obligations imposed on corporate litigants.

16. Despite notice and objection, Court employees and officials ratified the irregular service and appearance, permitted the corporate defendant to proceed through last-minute, unserved SC-109 Authorization to Appear forms, and declined to cure the defect or grant Plaintiff reasonable continuances or accommodations, notwithstanding Plaintiff's known cognitive disability.

17. These actions resulted in asymmetric enforcement of procedural rules, whereby statutory requirements governing corporate service and authorized appearance were waived for the defendant while rigidly enforced against Plaintiff, a self-represented disabled litigant.

18. The selective ratification of defective service and appearance was outcome-determinative, as the corporate defendant could not have lawfully proceeded without representation, while Plaintiff was denied a meaningful opportunity to contest authority, credibility, or compliance.

---

# V. RETALIATION AND LAW-ENFORCEMENT ESCALATION

19. Following Plaintiff's continued objections and protected requests for ADA accommodations and due-process compliance, courthouse security personnel initiated law-enforcement contact with Plaintiff at the Ventura County courthouse.

20. On July 17, 2025, Ventura County Sheriff's deputies contacted and detained Plaintiff as a "suspicious subject" at the courthouse following a report initiated by court-adjacent security.

21. No crime was found, no alcohol or contraband was observed, and Plaintiff was released without citation or arrest.

22. The summoning of law enforcement in response to Plaintiff's protected activity constituted retaliation and created a chilling effect on Plaintiff's exercise of his rights to access the courts and seek accommodations.

---

# VI. CAUSES OF ACTION

COUNT I – Americans with Disabilities Act, Title II (42 U.S.C. § 12132)

23. Defendants are public entities subject to Title II of the ADA.

24. Plaintiff is a qualified individual with a disability.

25. Defendants denied Plaintiff meaningful access to court services, programs, and activities by refusing reasonable accommodations, enforcing procedures asymmetrically, and retaliating against protected activity.

COUNT II – 42 U.S.C. § 1983 (Due Process – Fourteenth Amendment)

26. Defendants, acting under color of state law, deprived Plaintiff of procedural due process by selectively waiving corporate compliance requirements, denying notice symmetry, and foreclosing meaningful opportunity to be heard.

COUNT III – 42 U.S.C. § 1983 (Equal Protection – Fourteenth Amendment)

27. Defendants treated Plaintiff differently from similarly situated litigants by rigidly enforcing rules against him while excusing violations by the corporate defendant, without rational basis.

COUNT IV – Retaliation

28. Defendants retaliated against Plaintiff for asserting ADA and constitutional rights by escalating adverse treatment, including law-enforcement intervention.

---

# VII. PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare that Defendants' acts and practices violated the ADA and the Constitution;
B. Enjoin Defendants from continuing the challenged practices;
C. Order appropriate policy changes and training;
D. Award compensatory damages according to proof;
E. Award costs and reasonable attorney's fees as permitted by law;
F. Grant such other relief as the Court deems just and proper.

---

DATED: December 12, 2025

/s/ Brian Alexander Smith\nBrian Alexander Smith
Plaintiff, Pro Se
11 Lincoln Ave
Cathedral City, CA 92234
brianalexander68@gmail.com