# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03362-VBF-MBK | Date | December 29, 2025 |
|---|---|---|---|
| Title | Brian Alexander Smith v. Ventura County Superior Court, et al. | | |

| Present: | Hon. Michael B. Kaufman, U.S. Magistrate Judge |
|---|---|

| James Muñoz | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys for Plaintiff: | Attorneys for Defendant: |
|---|---|
| n/a | n/a |

**Proceedings:** ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS DUPLICATIVE AND FOR FAILURE TO STATE A CLAIM

Plaintiff Brian Alexander Smith, a self-represented litigant, filed this civil rights action on December 12, 2025. Dkt. 1. In the Complaint, Plaintiff sues the County of Ventura, Superior Court for the County of Ventura, Commissioner Courtney M. Lewis, and Does 1-15 for violations of the Americans with Disabilities Act, denial of due process and equal protection under the Fourteenth Amendment, and retaliation against Plaintiff for seeking ADA accommodations. Dkt. 1 at 4. Plaintiff seeks declaratory, injunctive, and compensatory relief. *Id.* Plaintiff also filed a request to proceed *in forma pauperis*. Dkt. 2.

Where a plaintiff seeks permission to proceed *in forma pauperis*, the Court is required to review the complaint and dismiss claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Upon review, it appears that Plaintiff's claims against the individual defendants are duplicative with a prior lawsuit that was dismissed with prejudice. It also appears that Plaintiff cannot plausibly bring claims against the County or Superior Court. The Court therefore ORDERS Plaintiff to show cause (meaning, explain in writing) why his claims should not be dismissed with prejudice, for the reasons that follow.

## I.    Plaintiff's Claims Against Defendants Commissioner Courtney Lewis and Does 1-15 are Duplicative and Subject to Dismissal.

In general, a party cannot bring a lawsuit that is duplicative with a lawsuit that was previously dismissed with prejudice. Courts "borrow the test for claim preclusion" when determining whether a suit is duplicative. *Adams v. Cal. Dep't of Health Servs.*, 487

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03362-VBF-MBK | Date | December 29, 2025 |
|----------|------------------------|------|-------------------|
| Title | Brian Alexander Smith v. Ventura County Superior Court, et al. | | |

F.3d 684, 688 (9th Cir. 2007) (internal quotations omitted), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2009). Courts assess whether the causes of action, relief sought, and parties to the action are the same between the first and the second actions to determine whether the cases are duplicative. *Id.* District courts have discretion to dismiss a duplicative subsequent action. *Id.* at 688.

Here, it appears that Plaintiff's case is duplicative of at least one previously-dismissed lawsuit. Plaintiff has filed at least six other lawsuits in this district, all of which have been dismissed at an early stage for failing to state a claim, being frivolous, seeking monetary relief from immune defendants, or failure to establish his right to proceed *in forma pauperis. See Brian Alexander Smith v. Charlie Sheen, et al.,* No. 25-cv-1385-JAK-MBK (C.D. Cal. June 10, 2025); *Brian Alexander Smith v. Amy Huberman, et al.,* No. 25-cv-1389-JAK-MBK (C.D. Cal. June 10, 2025); *Brian Alexander Smith, et al. v. Evelyn Leathers, et al.,* No. 5:25-cv-01365-VBF-MBK (C.D. Cal. July 16, 2025); *Brian Alexander Smith v. Superior Court of California County of Ventura,* No. 2:25-cv-07881-JFW-E (C.D. Cal. September 8, 2025); *Brian Smith v. Superior Court of California*, Case No. 5:25-cv-02034-HDV (C.D. Cal. August 11, 2025).

In one recently dismissed action, Plaintiff raised claims that appear to be duplicative his claims in this lawsuit. *See Brian Smith v. Steven G. Johnson Dental Corporation,* ("*Smith I*"), No. 5:25-cv-01386-VBF-MBK, (C.D. Cal. July 17, 2025), Dkt. 15. Plaintiff named at least nineteen defendants, including Commissioner Courtney Lewis, in her official capacity. *See Id.,* Dkt. 1. Plaintiff also named several other Ventura County officials, who Plaintiff described as "ADA Coordinators," or "Small Claims Court Clerks." *Id.* Plaintiff asserted various civil rights violations, including denial of due process related to a service issue, denial of ADA accommodations, and retaliation against Plaintiff for seeking ADA accommodations. Plaintiff also specified the small claims case number (No. 2024SC031858) for the proceedings giving rise to his claims. *Smith I,* Dkt. 1 at 3. Plaintiff had also filed two requests for temporary restraining orders, and several declarations, that indicate that the small claims case was against Stephen G. Johnson Dental Corporation. *See Smith I,* Dkt. 8, 10, 12, 13. *Smith I,* Dkt. 1. Judge Fairbanks dismissed Plaintiff's claims and, later in a separate order, clarified that they had been dismissed with prejudice. *Smith I,* Dkt. 15, 22.

In this case, Plaintiff appears to bring the same claims, arising out of the same nucleus of operative facts, against the same defendants, and seeks the same relief as in *Smith I.* Although the factual allegations in his current complaint are more detailed,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03362-VBF-MBK | Date | December 29, 2025 |
|----------|----------------------|------|-------------------|
| Title | Brian Alexander Smith v. Ventura County Superior Court, et al. | | |

Plaintiff alleges the same basic operative facts and claims: that defendants denied him disability accommodations during the pendency of the same small claims case identified in *Smith I,* denied him due process due to a service of process issue, denied him equal protection for disparate treatment due to his disability, and retaliated against him for attempting to secure accommodations for his disability. Dkt. 1 at 2. As in *Smith I*, Plaintiff seeks injunctive, declaratory, and compensatory relief. Dkt. 1 at 4. Finally, as in *Smith I*, Plaintiff seeks to sue Commissioner Lewis and a number of court personnel (here, identified as Doe defendants) that allegedly contributed to the violation of his rights.

Given the overlap in Plaintiff's factual allegations, causes of action, defendants, and relief sought, it appears that Plaintiff's claims against Defendant Lewis and the Doe Defendants are duplicative of *Smith I*.

## II.    County Superior Court of California for the County of Ventura is Immune from Suit for Plaintiff's Constitutional Claims and Ventura County is an Improper Defendant.

Plaintiff's claims against Ventura County and the Superior Court of California for the County of Ventura appear to suffer from different deficiencies.

First, the Superior Court for the County of Ventura is an arm of the state. *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024). Plaintiff's allegations against the Superior Court for the County of Ventura therefore amount to claims against a state agency. *Id.* However, "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court ..." *Dittman v. State of Cal.*, 191 F.3d 1020, 1025-26 (9th Cir. 1999). Accordingly, the Superior Court of California for the County of Ventura, as an arm of the state, is immune from suit under Section 1983.[1]

---

[1] Plaintiff does not seek monetary damages against Defendant Courtney Lewis, who is sued solely in her official capacity. Dkt. 1 at 2. However, because official capacity suits are effectively lawsuits against a government entity, it follows that a Superior Court Commissioner, such as Commissioner Lewis, is also immune from Plaintiff's claims under Section 1893. *Munoz*, 91 F.4th at 980-81; *Lund v. Cowan*, 5 F.4th 964, 969 (9th Cir. 2021) ("The Eleventh Amendment . . . applies to Judge Cowan, who serves as a state court judge and is being sued in his official capacity.").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03362-VBF-MBK | Date | December 29, 2025 |
|----------|------------------------|------|-------------------|
| Title | Brian Alexander Smith v. Ventura County Superior Court, et al. | | |

Further, because the Superior Court of California for the County of Ventura is an arm of the state, the County of Ventura is not a proper defendant. Plaintiff has not included any allegations in the complaint that would give rise to liability on Ventura County's part. Plaintiff's allegations against Ventura County arise from the incident(s) within the State Superior Court, which is a separate entity from Ventura County. Therefore, Plaintiff's constitutional claims against Ventura County and Superior Court of Ventura County are subject to dismissal.

## III.   Plaintiff Does not Appear to State a Viable ADA Claim Against the Superior Court of Ventura County or County of Ventura.

It appears that Plaintiff brings his ADA claims against the Superior Court of California for Ventura County and Ventura County. Plaintiff's ADA claim arises out of the his small claims case in the Superior Court of California for the County of Ventura. Therefore, as with Plaintiff's Section 1983 claims, it appears that Ventura County is not a proper defendant for his ADA claim because the Superior Court is an arm of the State.

It is unclear that Plaintiff can maintain his ADA claim against the Superior Court. Although states are generally entitled to Eleventh Amendment immunity in federal court from constitutional claims, states are not automatically immune from claims under the ADA. *United States v. Georgia*, 546 U.S. 151, 158 (2006). The Supreme Court has found that Congress validly abrogated state sovereign immunity in Title II of the ADA, creating "a private cause of action against the States for conduct that *actually* violates the Fourteenth Amendment." *Id.* at 159 (emphasis in original). District courts therefore assess whether sovereign immunity is abrogated as to the specific alleged conduct at issue on a claim-by-claim basis:

> "(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid."

*Id.*

Here, it is not clear that Plaintiff can demonstrate that the ADA's waiver of sovereign immunity applies to his claims. Plaintiff's allegations are difficult to follow, but there does not appear to be any indication that the alleged disability discrimination he suffered also violated the Fourteenth Amendment. Assuming that there is no Fourteenth

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03362-VBF-MBK | Date | December 29, 2025 |
|---|---|---|---|
| Title | Brian Alexander Smith v. Ventura County Superior Court, et al. | | |

Amendment violation at issue, Plaintiff has not shown that Congress "prophylactically abrogate[d] sovereign immunity" for such a Title II claim. *Kohn v. State Bar of California*, 119 F.4th 693, 699 (9th Cir. 2024).

It therefore appears that the Superior Court is immune to suit for Plaintiff's ADA claims.

\* \* \*

For the foregoing reasons, it appears that Plaintiff's claims may be subject to dismissal on three grounds: (1) as to the individual defendants, they are duplicative of *Smith I*; (2) the County is not a proper defendant; and (3) the Superior Court, as an arm of the state, is immune from Plaintiff's Section 1983 and ADA claims. Plaintiff is therefore **ORDERED** to show cause (meaning explain in writing) why his claims should not be dismissed. Plaintiff's response to the Order to Show Cause ("OSC") will be due on or before **January 26, 2026.**

\* \* \*

Appreciating the challenges that may come with self-representation, the Court directs Plaintiff to the following resources for *pro se* plaintiffs for guidance:

- General information on how parties may represent themselves in civil cases in the Central District of California can be found at: https://prose.cacd.uscourts.gov/.
- Federal Rules of Civil Procedure can be found at: https://www.law.cornell.edu/rules/frcp.
- Local Civil Rules for the Central District of California can be found at: https://www.cacd.uscourts.gov/court-procedures/local-rules.
- This Court's rules and procedures are located at: https://www.cacd.uscourts.gov/honorable-michael-b-kaufman
- Public Counsel runs a free Federal *Pro Se* Clinic where *pro se* litigants can get information and guidance. The Clinic is located at the Roybal Federal Building and Courthouse, 255 East Temple Street, Los Angeles, CA 90012. *Pro se* litigants must call or submit an online application to request services as follows: online applications can be submitted at http://prose.cacd.uscourts.gov/losangeles, or call (213) 385-2977, ext. 270.
- Public Counsel also has extensive resources for *pro se* litigants at its website located at https://publiccounsel.org/services/federal-court/. The LA Law Library, located across the street from the First Street Courthouse at 301 W. First Street, Los Angeles, CA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:25-cv-03362-VBF-MBK | Date | December 29, 2025 |
|----------|------------------------|------|-------------------|
| Title | Brian Alexander Smith v. Ventura County Superior Court, et al. | | |

90012, also has extensive resources for *pro se* litigants. The LA Law Library can be reached via email at reference@lalawlibray.org, or via telephone at (213) 785-2513.

**_Alternatively_,** if Plaintiff no longer wishes to pursue this action, Plaintiff may elect to voluntarily dismiss the entire action under Federal Rule of Civil Procedure 41(a).

\*\*\*

Plaintiff is advised of the following requirements for preparing and submitting documents in this case. **Any document that does not comply with any of these requirements may be returned to Plaintiff without filing and will not be considered by the Court**.

1.      All documents sent to the Court should be addressed to: "Clerk, U.S. District Court, 255 E. Temple St., Los Angeles, CA  90012."  No documents or letters should ever be sent to the judge or the judge's staff.

2.      Each document must include the title and case number (including judges' initials).  Documents should have at least a one-inch margin at the top of each page, and should be printed or neatly handwritten on one side of the paper only. No document may exceed <u>25 pages</u> in length (exclusive of tables and exhibits) without leave of court. This provision of the Local Rules applies to all briefs.

3.      Plaintiff must mail the Court the original and one copy of each document. Photocopies, printed copies, or clear handwritten copies are acceptable. The original and copy should be mailed in a single envelope. Plaintiff should keep a copy of any document sent to the Court.

4.      After any defendant has filed an appearance in this action, Plaintiff must file any future document with the Court and serve it on Defendant(s) by mailing a copy to defense counsel at the address given on court orders or defense filings. Plaintiff <u>must</u> attach a "proof of service" to the document when it is filed with the Court. The proof of service must state that a copy of the filed document was mailed to the defense attorney and when it was mailed.

At the top of the first page of any document sent to the Court, Plaintiff must give their name and mailing address, including prisoner number (if applicable), other identification number, and any other information needed for mail to be delivered. The Court will assume that the address is correct and will use it until informed otherwise. It is Plaintiff's

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-03362-VBF-MBK | Date | December 29, 2025 |
|----------|------------------------|------|-------------------|
| Title | Brian Alexander Smith v. Ventura County Superior Court, et al. | | |

responsibility to notify the Court and defense counsel of any change of address and the effective date of the change. If Plaintiff fails to keep the Court informed of a correct mailing address, this case may be dismissed under Local Rule 41-6, which states as follows:

*Failure of Pro Se Plaintiff to Keep Court Apprised of Current Address:* **A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address. If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.**

**IT IS SO ORDERED.**